IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO.: 5:09-cv-136

| | |
|---|---|
| MARX INDUSTRIES, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> BASELINE LICENSING GROUP, ) <br> LLC, ) <br> Defendant ) <br> ) <br> vs. ) <br> ) <br> CONSUMER SPECIALTIES ) <br> INCORPORATED OF NORTH ) <br> CAROLINA, ) <br> ) <br> Third-Party ) <br> Defendant. ) <br> ) | ORDER |

ORDER DENYING PLAINTIFF'S MOTION
FOR JUDGMENT ON THE PLEADINGS

This motion is before the Court on Plaintiff's motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (Document #28). Plaintiff alleges it is entitled to judgment on the pleadings with regard to its breach of contract claim against Defendant Baseline Licensing Group, LLC.

FACTS

Plaintiff Marx Industries, Inc. ("Marx") is a North Carolina Corporation that manufactures products made of and containing foam. Defendant Baseline Licensing Group, LLC, is in the in the business of marketing, distributing, and selling sports related merchandise

licensed through college and professional sports organizations. Third-Party Defendant Consumer Specialists Incorporated of North Carolina ("CSI") is a manufacturing company that does business with Marx. Baseline does not manufacture any of the goods it sells and, accordingly, contracts with third parties for production.

For purposes of this order, the relevant conflicting versions of facts are straightforward. Plaintiff and Defendant entered into a written agreement in 2007 whereby Marx would manufacture certain products which Baseline would sell to the general public.[1] Marx alleges it sold goods to Baseline pursuant to this agreement and that Baseline has not paid. Marx further alleges that Baseline admitted its breach of contract in a response letter sent from Defendant's attorney to counsel for Plaintiff. Accordingly, Marx alleges that it is owed $209,539.55 plus contractual and statutory interest.

Defendant Baseline does not dispute that it entered into an agreement with Marx. Baseline does dispute, however, the current state of the 2007 written agreement. Baseline alleges that in 2009 Marx and Baseline mutually terminated their prior business relationship, namely the 2007 written agreement, and entered into a new agreement. The new "2009 Agreement" stated that CSI would manufacture goods for Baseline. Baseline alleges that based on the "2009 Agreement", it is not indebted to Marx in any amount. Baseline denies that the letter sent from its attorney to counsel for Marx is an admission as to contractual liability. Baseline further alleges it suffered damages based on problems with the quality and timeliness of

---

[1] Section Eight (8) of the contract permits Marx to use associated or affiliated companies to manufacture and ship goods on behalf of Marx. Marx claims that this contractual provision allows for the use of CSI in exchanges between Baseline and Marx. Baseline, meanwhile, claims that its relationship with CSI began only after the 2007 agreement was mutually terminated and the parties came to a new agreement in 2009.

the delivery of goods provided by Marx and CSI.

## DISCUSSION

A. Standard of Review

Federal Rule of Civil Procedure 12(c) provides that, "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." A motion for judgment on the pleadings is treated under the same standards as a motion to dismiss for failure to state a claim under Rule 12(b)(6). Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). In determining a motion for judgment on the pleadings, it is permissible for a court to "consider documents incorporated by reference in the pleadings." Farmer v. Wilson Hous. Auth., 393 F. Supp. 2d 384, 386 (E.D.N.C. 2004). In resolving a motion for judgment on the pleadings, the court must accept all of the non-movant's factual allegations as true and draw all reasonable inferences in its favor. Bradley v. Ramsey, 329 F. Supp. 2d 617, 622 (W.D.N.C. 2004). Judgment on the pleadings is only appropriate when, taking all of the non-moving party's factual allegations as true, the movant demonstrates that there is no genuine issue of material fact and that movant is entitled to judgment as a matter of law. Id.

B. Analysis

Viewing the facts in the light most favorable to non-movant Baseline, issues of material fact currently exist and judgment on the pleadings in favor of the Plaintiff is not warranted. In order for Marx to establish a claim for breach of contract, Marx must show that: (1) a contract exists, and (2) defendant breached the contract. Poor v. Hill, 530 S.E.2d 838, 843 (N.C. App. 2000) (citations omitted). If the parties dispute the existence or terms of a contractual relationship, "[w]hether mutual assent is established and whether a contract was intended

between parties are questions for the trier of fact." McCAllister v. Hunter, 634 F. Supp. 2d 577, 583 (W.D.N.C. 2009) (quotations omitted). In the present case, the parties disagree as to whether the terms of their relationship is governed by the 2007 written agreement or the 2009 Agreement. Marx argues that the terms of the written 2007 agreement control and that at no point did it cancel the 2007 agreement or enter into a new agreement with Baseline. Baseline argues that the 2007 agreement was terminated by the parties and that the parties entered into a new 2009 agreement that governs the parties' relationship. Because the evidence on this issue is conflicting, a genuine issue of material fact exists, and judgment on the pleadings in favor of the Plaintiff is inappropriate.

ORDER

Because issues of material fact presently exist, judgment on the pleadings is not warranted. Therefore, it is ORDERED that plaintiff's motion for judgment on the pleadings is DENIED.

Signed: November 18, 2010

Richard L. Voorhees
United States District Judge