# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:09-CV-136-RLV-DSC

| | |
|---|---|
| MARX INDUSTRIES, INC., | ) |
| Plaintiff, | ) |
| v. | ) |
| BASELINE LICENSING GROUP, LLC, | ) |
| Defendant /Third-Party Plaintiff | ) |
| v. | ) |
| CONSUMER SPECIALTIES INCORPORATED OF NORTH CAROLINA, | ) |
| Third-Party Defendant. | ) |

## ORDER

**THIS MATTER** is before the Court on Plaintiff's "Motion to Compel Discovery and for Sanctions" (document #40), "Motion for Protective Order and Memorandum ... in Support ..." (document #43), and the parties' associated briefs and exhibits. See documents ## 41, 42, 44, and 45.

These Motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and are now ripe for the Court's consideration.

A detailed discussion of the factual background and procedural history in this matter is contained in the Court's "Order Denying Plaintiff's Motion for Judgment on the Pleadings" (document #39) and "Order" (document #36) (staying discovery pending resolution of Plaintiff's Motion for Judgment on the Pleadings").

The parties' present discovery dispute centers on Defendant's failure to respond fully to Plaintiff's Document Production Requests. In addition to making boilerplate objections to many of Plaintiff's requests, Defendant contends that a Protective Order including an "Attorneys' Eyes Only" provision should be entered to ensure the confidentiality of its discovery responses.

The Court has carefully considered the parties' briefs and exhibits and concludes that for the reasons stated in Plaintiff's briefs, an "Attorneys' Eyes Only" provision is not warranted. The Court will enter an appropriate Protective Order contemporaneously with the entry of this Order. The Court has also considered Defendant's other objections to Plaintiff's Document Production Requests and those objections are <u>overruled</u>.

Recognizing that Defendant has not been warned previously of the likely consequences of its failure to perform its responsibilities as a litigant, the Court will <u>order</u> Defendant to provide full supplemental discovery responses, but will withhold recommending imposition of discovery sanctions pending Defendant's compliance with this Order.[1]

Accordingly, the Court warns Defendant <u>and its counsel</u> that any failure to respond to Plaintiff's Document Production Requests, to respond to any of Plaintiff's other reasonable discovery requests, or to otherwise comply fully with any of the Court's Orders, the Local Rules, or the Rules of Civil Procedure may result in the imposition of sanctions. **Sanctions may include Defendant and/or its counsel being ordered to pay Plaintiff's costs, including reasonable attorneys' fees, and may also include entry of default judgment**.

---

[1] The Fourth Circuit has emphasized the significance of establishing a history of dilatory action <u>and</u> warning to the offending party of what may follow prior to imposing discovery sanctions or dismissing the action for failure to comply with discovery obligations. <u>See, e.g.</u>, <u>Hathcock v. Navistar Int'l Transp. Corp.</u>, 55 F.3d 36, 40 (4th Cir. 1995); <u>Choice Hotels Int'l v. Goodwin & Boone</u>, 11 F.3d 469, 473 (4th Cir. 1993); <u>and</u> <u>Lolatchy v. Arthur Murray, Inc.</u>, 816 F.2d 951, 953 (4th Cir. 1987).

Following the District Judge's <u>denial</u> of Plaintiff's Motion for Judgment on the Pleadings, it is also necessary to amend the pretrial deadlines in this matter. The Court directs the parties to confer and submit a revised Certification of Initial Attorneys' Conference with amended pretrial deadlines.

**NOW THEREFORE, IT IS ORDERED**:

1. Plaintiff's "Motion to Compel Discovery and for Sanctions" (document #40) and Defendant's "Motion for Protective Order" (document #43) are **GRANTED IN PART** and **DENIED IN PART**, that is:

    a. <u>Defendant is **ORDERED** to serve complete supplemental responses to Plaintiff's Document Production Requests within twenty-one (21) days of entry of this Order</u>.

    b. The Court will enter a Protective Order this date.

2. <u>Within seven (7) days of entry of this Order, the parties' counsel will confer and submit a revised Certification of Initial Attorneys' Conference with amended pretrial deadlines</u>.

3. The Clerk is directed to send copies of this Order to counsel for the parties; <u>and to the Honorable Richard L. Voorhees.</u>

**SO ORDERED**.     Signed: April 19, 2011

David S. Cayer
United States Magistrate Judge