IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

CIVIL ACTION NO.: 5:09-CV-136-RLV-DSC

MARX INDUSTRIES, INC.

    Plaintiff,

v.

BASELINE LICENSING GROUP, LLC

    Defendant/
    Third Party Plaintiff

v.

CONSUMER SPECIALTIES
INCORPORATED OF NORTH
CAROLINA,

    Third-Party
    Defendant.

## PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, upon consent of the parties; and it appearing that the discovery process in this action involves the production of documents that the parties contend may be confidential and/or proprietary.

IT IS HEREBY AGREED THAT:

1. This order covers the production of all discovery materials in this action, provided after January 15, 2010 and all documents, interrogatory answers, depositions, and any physical objects, samples, or other items; and which constitute, contain or disclose, in whole or in part, information which qualifies as a trade secret or other confidential commercial information and is designated appropriately set forth herein.

2. "Confidential Information," as used herein, means any information and materials set forth in Paragraph 1 above and which is designated as "Confidential" by the supplying parties. In designating information as "Confidential", a party will make such designation only

regarding that information which it in good faith believes contains particularly sensitive information which was not otherwise been disclosed in a non-confidential manner.

3. "Qualified Persons," as used herein, means:

   a. Attorneys of record in this litigation and other attorneys employed at their respective law offices and employees or contractor of such attorneys to whom it is necessary that the material be shown for purposes of this litigation;

   b. Actual or potential experts or consultants who have signed a document in the form required by Exhibit A attached hereto (such signed document to be retained by counsel);

   c. The Parties and representatives of the Parties who have signed a document in the form required by Exhibit A attached hereto (such signed document to be retained by counsel for the respective Parties); provided that the Confidential Information can be viewed by such Qualified Persons and such Confidential Information cannot be copied or summarized by such Qualified Person or provided to others in a manner that reveals the Confidential Information;

   d. Any other person who is designated as a Qualified Person by signing and complying with the Exhibit and this Agreement or by Order of this Court, after notice to all parties.

4. Except as may be necessary in the litigation, information designated as "Confidential" shall not be disclosed or made available by the receiving party to persons other than Qualified Persons. Information designated as "Confidential" shall be restricted in circulation to Qualified Persons described in Paragraph 3 above. The Confidential Information produced or exchanged in the course of this litigation shall be used solely for the purpose of preparation and trial of this litigation and for no other purpose whatsoever. The parties and their counsel hereby explicitly acknowledge and agree that they will not use documents provided by the other party for any purpose other than for purposes of this litigation. Copies of documents produced under this Protective Order may be made, or exhibits prepared by independent copy services, printers or illustrators for the purpose of this litigation. Nothing herein shall prevent or restrict the Parties ability and right to present Confidential Information to a jury or the Court provided that reasonable measures are taken to maintain the confidentiality of the information.

5. Documents produced in this action may be designated by the disclosing party as Confidential Information by marking the document as a whole or each page of the document(s) "Confidential". In lieu of marking the original of a document, if the original is not produced, the

designating party may mark the copies that are produced or exchanged. Originals shall be preserved for inspection.

6. Confidential Information disclosed at the deposition of a party or one of its present officers, directors, employees, agents, members, managers or independent experts retained for purposes of this litigation, may be designated by any party as "Confidential" by indicating on the record at the deposition that the testimony is "Confidential" and subject to the provisions of this order. Any party may also designate information disclosed at such deposition as "Confidential" by notifying all of the parties, in writing, within five (5) days of receipt of the transcript, of the specific pages and lines of the transcript which are considered "Confidential". Each party shall provide notice upon all copies of the transcript in his possession, custody, or control of those portions of the transcript which are designated as "Confidential". To the extent possible, the court reporter shall segregate into separate transcripts information designated as "Confidential, with blank, consecutively-numbered pages being provided in a non-designated main transcript. The separate transcript containing "Confidential" information shall have page numbers that correspond to the blank pages in the main transcript.

7. Nothing herein shall prevent disclosure beyond the terms of this Order unless each and every party designating the information as Confidential Information consents in writing to such disclosure. Nor shall anything herein prevent any counsel of record from utilizing Confidential Information in the cross-examination of any person who is alleged to be or has claimed to be the author, or source of the Confidential Information, or to examine any witness reasonably related to the purported information for legally permissible reasons irrespective of which party produced such information.

8. Any party designating any person as a Qualified Person shall have the duty to use reasonable care and precaution to prevent violation of this Protective Order. No party shall be responsible to another party for any use made of information produced and not designed as Confidential Information.

9. A party shall not be obligated to challenge the propriety of a designation as "Confidential" at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this Protective Order disagrees with the designation by the designating party of any information as "Confidential", the parties shall first try to resolve such dispute in good faith on

an informal basis. The parties may, by written stipulation, provide exceptions to this Protective Order. Nothing shall be regarded as Confidential Information if it is information that either:

    a.    is in the public domain at the time of disclosure;

    b.    becomes a part of the public domain through no fault of the other party;

    c.    the receiving party can show that the information was in its possession at the time of disclosure; or

    d.    the receiving party receives such information at a later date from a third party without restriction regarding disclosure.

10. This Order shall not bar any attorney herein in the course of rendering advice to his client with respect to the dispute from relying in a general way upon his examination of Confidential Information produced or exchanged herein; provided however, that in rendering such advice and otherwise communicating with his client, the attorney shall not disclose the specific contents of any Confidential Information produced by another party herein, which disclosure would be contrary to the terms of this Order. In the event the client is a Qualified Person then no restriction shall apply.

11. If Confidential Information is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure shall, as soon as practical after investigation of such disclosure, inform the producing party of pertinent facts relating to such disclosure and shall make every reasonable effort to retrieve the Confidential Information and to prevent disclosure by each unauthorized person who received such information.

12. Within ninety (90) days after conclusion of this litigation and any appeal thereof, any documents and all reproductions of documents produced by a party, in the possession of any Qualified Person, shall be returned to the producing party or to counsel, or counsel shall certify its destruction, except as this Court may otherwise order or to the extent such information was used as evidence at the trial. If such documents are returned to counsel rather than the producing party, such counsel shall retain possession of all such documents and information and shall not permit any individual or person to review or have access to such documents or information unless and until fourteen (14) days advance written notice of the intent to allow access to such material is given to the producing party and its counsel of record herein. As far as the provisions

of any protective orders entered in this action restrict the communication and use of the documents produced thereunder, such orders shall continue to be binding after the conclusion of this litigation, except (a) that there shall be no restriction on documents that are used as exhibits in Court and (b) that a party may seek the written permission of the producing party or order of the Court with respect to dissolution or modification of such protective orders.

**SO ORDERED** this the 19 day of April, 2011.

Honorable David S. Cayer
United States Magistrate Judge

## Exhibit A

By my signature below, I hereby confirm that I have been made aware of the Protective Order entered on _____ in the case of Marx Industries, Inc. v. Baseline Licensing Group, LLC, Civil Action No.: 5:09-CV-136-RLV-DSC, and I agree to be bound by the terms of that Protective Order.

_____          _____
Printed Name                                                    Signature / Date Signed