**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:09-CV-136-RLV-DSC**

| | |
|---|---|
| MARX INDUSTRIES, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| BASELINE LICENSING GROUP, LLC, | ) |
| | ) |
| Defendant /Third-Party Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| CONSUMER SPECIALTIES | ) |
| INCORPORATED OF NORTH CAROLINA, | ) |
| | ) |
| Third-Party Defendant. | ) |
| | ) |

## MEMORANDUM AND RECOMMENDATION

**THIS MATTER** is before the Court on Plaintiff's "Motion for Entry of Judgment as a Sanction" (document #53) filed June 24, 2011. Despite the sanction sought in Plaintiff's Motion, the pro se Defendant has not responded and the time for filing a responsive brief has long expired.

This Motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for the Court's consideration.

A detailed discussion of the factual background and procedural history in this matter is contained in the Court's "Order Denying Plaintiff's Motion for Judgment on the Pleadings" (document #39); "Order" (document #36) (staying discovery pending resolution of Plaintiff's Motion for Judgment on the Pleadings"); and "Order" (document #46) (granting in part Plaintiff's Motion to Compel Discovery and for Sanctions, ordering Defendant to serve complete supplemental

discovery responses on or before May 10, 2011).

In its April 19, 2011 "Order," the Court stated:

Recognizing that Defendant has not been warned previously of the likely consequences of its failure to perform its responsibilities as a litigant, the Court will order Defendant to make full supplemental discovery responses, but will withhold recommending imposition of discovery sanctions pending Defendant's compliance with this Order.

Document #46 at 2 (emphasis added).

The Court went on to expressly warn Defendant as follows:

Accordingly, the Court warns Defendant ... that any failure to respond to Plaintiff's Document Production Requests, to respond to any of Plaintiff's other reasonable discovery requests, or to otherwise comply fully with any of the Court's Orders, the Local Rules, or the Rules of Civil Procedure may result in the imposition of sanctions. **Sanctions can include Defendant ... being required to pay Plaintiff's costs, including reasonable attorneys' fees, and may also include entry of default judgment**.

Id. (emphasis in original).

Despite this clear warning, Defendant has not served the discovery responses that were ordered by the Court, and as noted above, has failed to respond to this Motion for Entry of Judgment.

As Defendant has now been warned,[1] a variety of sanctions are available under Rule 37 for a party's failure to obey rules governing discovery and orders of the District Court, including imposing costs and attorneys' fees, striking pleadings, and/or entering judgment against the offending party. See Fed. R. Civ. P. 37(b); National Hockey League v. Metro. Hockey Club, 427

---

[1]The Fourth Circuit has emphasized the significance of establishing a history of dilatory action and warning to the offending party of what may follow prior to imposing discovery sanctions or dismissing the action for failure to comply with discovery obligations. See, e.g., Hathcock v. Navistar Int'l Transp. Corp., 55 F.3d 36, 40 (4th Cir. 1995); Choice Hotels Int'l v. Goodwin & Boone, 11 F.3d 469, 473 (4th Cir. 1993); and Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 953 (4th Cir. 1987).

U.S. 639, 643 (1976); Mutual Fed. Sav. & Loan v. Richards & Assocs., 872 F.2d 88, 92 (4th Cir. 1989); and Wilson v. Volkswagen of America, Inc., 561 F.2d 494, 504-04 (4th Cir. 1977).

In Mutual Federal, the Fourth Circuit restated the four factors a District Court should consider in deciding whether to impose the sanctions of dismissal or entry of judgment. These factors are:

> (1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions.

Id., 872 F.2d at 92, citing Wilson, 561 F.2d at 503-04.

The undersigned concludes that because Defendant has wholly ignored an express warning of the sanctions that could be imposed if it did not comply with the Court's Order, and further ignored a Motion seeking imposition of those sanctions, no sanction less than entry of default judgment will be effective .

## RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Plaintiff's "Motion for Entry of Judgment as a Sanction" (document #53) be **GRANTED**.

## NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005);

Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989).  Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal.  Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to the pro se Defendant; to counsel for the parties; and to the Honorable Richard L. Voorhees.

**SO RECOMMENDED AND ORDERED**.

Signed: July 22, 2011

David S. Cayer
United States Magistrate Judge