THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO.: 5:09-cv-136

| | |
|---|---|
| MARX INDUSTRIES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| BASELINE LICENSING GROUP, ) | |
| LLC, ) | ORDER |
| Defendant ) | |
| ) | |
| vs. ) | |
| ) | |
| CONSUMER SPECIALTIES ) | |
| INCORPORATED OF NORTH ) | |
| CAROLINA, ) | |
| ) | |
| Third-Party ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Entry of Judgment as a Sanction (Doc. #53) filed June 24, 2011. Plaintiff seeks a default judgment against Defendant Baseline as a Rule 37 sanction for Defendant's ongoing failures to comply with the discovery obligations imposed by the Federal Rules of Civil Procedure and this Court's orders. Despite the sanction sought in Plaintiff's Motion, the pro se Defendant has not responded and the time for filing a responsive brief has long expired. Because each of the four factors set forth in Wilson v. Volkswagen of America, Inc., 561 F.2d 494, 503-05 (4th Cir.1977), strongly favors the entry of default judgment as a sanction for Defendant's non-compliance, this Court will grant Plaintiff's

1

Motion for Entry of Judgment as a Sanction.

## **BACKGROUND**

A detailed discussion of the factual background and procedural history in this matter is contained in the Court's "Order Denying Plaintiff's Motion for Judgment on the Pleadings" (Doc. # 39); Order (Doc. # 36) (staying discovery pending resolution of Plaintiff's Motion for Judgment on the Pleadings); and Order (Doc. #46) (granting in part Plaintiff's Motion to Compel Discovery and for Sanctions, ordering Defendant to serve complete supplemental discovery responses on or before May 10, 2011).

In its April 19, 2011 "Order," the Court stated:

> Recognizing that Defendant has not been warned previously of the likely consequences of its failure to perform its responsibilities as a litigant, the Court will order Defendant to make full supplemental discovery responses, but will withhold recommending imposition of discovery sanctions pending Defendant's compliance with this Order.

(Doc. # 46, 2).

The Court went on to expressly warn Defendant as follows:

> Accordingly, the Court warns Defendant . . . that any failure to respond to Plaintiff's Document Production Requests, to respond to any of Plaintiff's other reasonable discovery requests, or to otherwise comply fully with any of the Court's Orders, the Local Rules, or the Rules of Civil Procedure may result in the imposition of sanctions. Sanctions can include Defendant . . . being required to pay Plaintiff's costs, including reasonable attorneys' fees, and may also include entry of default judgment.

Id. (emphasis in original).

Despite this clear warning, Defendant has not served the discovery responses that were ordered by the Court, and as noted above, has failed to respond to this Motion for Entry of Judgment. Further, Defendant did not object to the memorandum and recommendation issued by Magistrate Judge Cayer on July 22, 2011, wherein Magistrate Judge Cayer recommended this

2

court grant Plaintiff's Motion for Entry of Judgment as a Sanction because "no less than entry of default judgment will be effective." (Doc. # 54, 3)

## DISCUSSION

This Court has authority to impose sanctions against a party for failing to participate in discovery, including granting a default judgment against the offending party. Fed. R. Civ. P. 37(b)(2)(A)(vi). Further, the Court "must require the party failing to act, the attorney advising that party, or both" to pay the reasonable expenses caused by the failure, "unless the failure, was substantially justified or other circumstances make an award of expenses unjustified." Fed. R. Civ. P. 37(d)(1)(B)(3). While entry of default and default judgment often occur under Rule 55, the Federal Rules of Civil Procedure make clear that Rule 55 is not the exclusive avenue for entering a default judgment. Indeed, as Wright and Miller point out:

> Rule 55(a) does not represent the only source of authority in the rules for the entry of a default that may lead to judgment. As a result, a party who has filed a responsive pleading or otherwise defended still may be found in default for noncompliance with the rules at some later point in the action. For example Rule 37(b)(2)(C) and Rule 37(d) both provide for the use of a default judgment as a sanction for violation of the discovery rules.

10A Wright, Miller, & Kane, Federal Practice and Procedure: Civil 3d § 2683, at 19 (3d ed. 1998).[1]

---

[1] Other district courts have found default judgment an appropriate sanction under Rule 37 when faced with similar Defendants who have failed to respond or provided evasive and incomplete discovery responses,. See Mattivi Bros. Leasing, Inc. v. Ecopath Industries, LLC, 2010 WL 5103050 (D. Ariz. Dec. 9, 2010); Klehr, Harrison, Harvey, Branzburg & Ellers, LLP v. Spencer Trask Specialty Group, LLC, 2009 WL 3233800 (E.D. Pa. Oct. 6, 2009); Plumbers Union Local No. 690 v. F.P.S. Plumbing, Inc., 2009 WL 2591153 (E.D. Pa. Aug. 20, 2009); National City P'ship Solutions, Inc. v. Midwest Financial & Mortgage Services, Inc., 2009 WL 170668 (S.D. Ohio Jan. 22, 2009); United States v. Smith, 2009 WL 144904 (W.D. La. Jan. 20, 2009).

Fourth Circuit precedent strongly suggests that a warning and opportunity to comply are prerequisites to rendering a default judgment under Rule 37. See Hathcock v. Navistar Int'l. Transp. Corp., 53 F.3d 36, 40-41 (4th Cir. 1995) ("[A] party 'is entitled to be made aware of th[e] drastic consequence[s] of failing to meet the court's conditions at the time the conditions are imposed, when he still has the opportunity to satisfy the conditions and avoid' the sanction.") (quoting Choice Hotels Int'l v. Goodwin & Boone, 11 F.3d 469, 473 (4th Cir. 1993)); see also Anderson v. Found. for Advanc., Educ. and Employment of Am. Indians, 155 F.3d 500, 504 (4th Cir.1998); Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., 872 F.2d 88, 93-94 (4th Cir.1989).

Courts have broad discretion to impose sanctions for abuses of the discovery process, and Rule 37 explicitly makes available the sanction of "rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A)(vi); see also Fed. R. Civ. P. 37(c)(1)(C), (d)(3). To be sure, the drastic sanction of entering a default judgment is appropriate only "where the party's conduct amounts to flagrant disregard and willful disobedience of discovery orders." United States v. Certain Real Property Located at Route 1, Bryant, Ala., 126 F.3d 1314, 1317 (11th Cir. 1997) (citation omitted); see also Adolph Coors Co. v. Movement Against Racism and the Klan, 777 F.2d 1538, 1542 (11th Cir. 1985) ("Sanctions may also be imposed to punish those guilty of willful bad faith and callous disregard."). A violation of a discovery order caused by simple negligence, misunderstanding, or inability to comply will not justify a Rule 37 default judgment or dismissal. Id.

In determining whether to impose a particular sanction, a court must consider the four Wilson factors: (1) whether the non-complying party acted in bad faith, (2) the prejudice suffered by the other party, (3) the need for deterrence, and (4) the effectiveness of less drastic

sanctions. Wilson, 561 F.2d at 503-05; accord Anderson v. Found. for Advanc., Educ. and Employment of Am. Indians, 155 F.3d 500, 504 (4th Cir. 1998); Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., 872 F.2d 88, 92 (4th Cir. 1989). This Court finds that each of the Wilson factors weighs heavily in favor of rendering a default judgment against Defendant Mann Bracken.

Regarding the first factor, evidence of Defendant's bad faith is strong. Defendant has been afforded ample opportunity to comply with this Court's orders regarding discovery. Rather than heed this Court's warnings, Defendant has willfully chosen to end its participation in the discovery process and refuses to respond to counsel for Plaintiff. Defendant's failures "are neither minor nor few and cannot reasonably be attributed to mere oversight or a mistaken but good faith belief that [Defendant complied with the rules of discovery.]" Calkins v. Pacel Corp., 2008 WL 2311565, *6 (W.D. Va. June 4, 2008) (granting motion for default judgment based on Rule 37 due to Defendants' inadequate and evasive discovery responses).

The second factor of the Wilson test, examining the prejudice suffered by the other party, also weighs in favor of this Court granting Plaintiff's motion. Defendant's non-responsiveness precludes Plaintiff from pursuing its claims. A non-responsive Defendant prejudices a Plaintiff who seeks a determination of its claims on the merits. Without the ability to obtain the evidence Plaintiff seeks through discovery, Plaintiff is hampered in proving its case and has therefore suffered substantial prejudice as a result of Defendant's discovery abuses.

The third factor under Wilson, stressing the need for deterrence, similarly weighs in favor of this Court granting Plaintiff's motion for default judgment. "If litigants routinely followed the example set by [Defendant] in this case, the civil justice system would be unable to function." Calkins v. Pacel Corp., 2008 WL 2311565, *7 (W.D. Va. June 4, 2008). The circumstances in

the instant case are similar to, if not worse than, those presented in Mut. Fed. Sav. & Loan Ass'n, where the Fourth Circuit affirmed a sanction of default judgment and provided guidance on the need for deterrence:

> Even though the defendants may have made efforts to comply, the attempts were lastditch and only offered when it became crystal clear that they were going to lose the case unless they did something. In the context here, the things done did not add up to an adequate "something." Entrance of default judgment against the defendants now is not punishment for their "compliance" as they would have it characterized, but an unmistakable message to them and others that the judicial system will not tolerate repeated misconduct never wholly remedied in the future. To find otherwise would be to send the opposite message that the court may be pushed, ignored and defied to the outermost limits so long as the noncomplying party has even an inadequate fallback act ready in the wings should the final curtain be falling.

Mut. Fed. Sav. & Loan Ass'n, 872 F.2d at 94.

As to the fourth factor, Defendant's actions have made clear that a less drastic sanction would not be effective in securing Defendant's compliance with its discovery obligations and this Court's orders. As noted in the Magistrate Judge's Order, failure to respond to discovery requests may result in the imposition of sanctions, including Defendant being required to pay Plaintiff's costs, including reasonable attorneys' fees, and may also include entry of default judgment. More than sufficient time has passed since the Magistrate Judge's Order and Defendant has not responded to the Order. Simply put, Defendant has been afforded more than ample time to respond to Plaintiff's discovery requests and has been warned by this Court of the implications of failure to respond. See Cotton States Mut. Ins. Co. v. Sellars, 2008 WL 4601015, *4 (M.D. Ala. Oct. 15, 2008) ("Defendant . . . displays the requisite bad faith and willfulness to justify entry of default. Defendant . . . ignored the Court's order granting the Motion to Compel . . . [and] Defendant did not comply with the mandated time frame.").

A review of the Complaint confirms that Plaintiff does assert detailed facts which are

sufficient to state cognizable claims against Defendant. Defendant's non-responsiveness has halted the adversarial dispute resolution process. Defendant's actions "are just the sort of dilatory tactics for which the default judgment mechanism was made." <u>Cotton States Mut. Ins. Co. v. Sellars</u>, 2008 WL 4601015, at *5. Accordingly, because Defendant has willfully failed to comply with an Order of this Court, Plaintiff's Motion for Entry of Judgment as a Sanction (Doc. #53) is **GRANTED.**

## CONCLUSION

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Motion for Entry of Judgment as a Sanction (Doc. #53) is **GRANTED.**

Signed: August 23, 2011

Richard L. Voorhees
United States District Judge