THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO.: 5:09-cv-136

| | |
|---|---|
| MARX INDUSTRIES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| BASELINE LICENSING GROUP, ) | |
| LLC, ) | ORDER |
| ) | |
| Defendant ) | |
| ) | |
| vs. ) | |
| ) | |
| CONSUMER SPECIALTIES ) | |
| INCORPORATED OF NORTH ) | |
| CAROLINA, ) | |
| ) | |
| Third-Party ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on Plaintiff's Motion for Entry of Judgment as a Sanction (Doc. #53) filed June 24, 2011. On August 23, 2011 this court an Order Granting Plaintiff's Motion for Judgment as a Sanction (Doc. # 56). The current Order is an amendment under Rule 60(a) to clarify the Order entered on August 23, 2011. See, e.g., McNickle v. Bankers Life and Cas. Co., 888 F.2d 678, 682 (10th Cir. 1989) (noting that amendment under Rule 60(a) is appropriate to clarify what the Court intended in the first instance).

1

# I. FACTUAL ALLEGATIONS

Accepting Plaintiff's allegations as true, Marx Industries, Inc. ("Marx") and Baseline Licensing Group, LLC ("Baseline") entered into a contract for Marx to manufacture products for Baseline. Starting in 2007, Marx manufactured products from Baseline. Baseline's outstanding payable exceeded ninety days for most of the 2009 calendar year. Baseline acknowledged to Marx on several occasions that the amount was more than ninety days past due.

Marx alleges that Baseline purchased products from Marx at a time when Baseline knew it could not pay pursuant to the contract. Marx further alleges that Baseline did not notify Marx of its intent not to timely pay, thereby inducing Marx to sell more products to Baseline. Marx next alleges that Baseline induced Marx to direct bill customers, while Baseline intended to collect from the customers. More specifically, on August 7, 2009, Baseline offered that Marx directly invoice specific customers of Baseline. Marx then directly shipped and invoiced customers, including Carlson Marketing and One Way Furniture. Despite Baseline encouraging direct billing by Marx, the above identified customers continued to pay Baseline. Baseline also failed to disclose to Marx that Baseline accepted payments due and owing to Marx.

## II. Analysis

Upon default judgment, Plaintiff's factual allegations—as opposed to legal conclusions—are accepted as true for all purposes excluding determination of damages. See Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001) ("default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover") (quoting Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)); accord Blankenship, 622 S.E.2d at 737 (upholding default judgment supported by evidence—facts within complaint, sworn affidavits, and expert testimony) (quoting Bell v.

Martin, 264 S.E.2d 101, 105 (N.C.1980)).

The Plaintiff's Complaint sets forth four claims for relief: (1) breach of contract; (2) money owed; (3) fraud; and (4) unfair and deceptive trade practices. On August 23, 2011 this court entered an Order Granting Plaintiff's Motion for Judgment as a Sanction (Doc. # 56). Attached to Plaintiff's Motion for Entry of Judgment as a Sanction was the affidavit of Mark Kiser, the acting President of Marx Industries. In the affidavit, Mark Kiser certified: (1) the principal amount owing from Baseline Licensing Group, LLC; (2) the interest owing pursuant to the contract on the principal measured from the due date of each amount owing; (3) monthly rental expenses as a result of Baseline's breach; (4) collection costs incurred by Marx Industries; and (5) attorney's fees incurred by Marx Industries. The total amount of compensatory damages requested by Plaintiff is $508,339.76. Plaintiff further requests that the compensatory damages be trebled pursuant to North Carolina General Statute §75-16, for a total damage amount of $1,525,019.28. Plaintiff's request for a treble award pursuant to N.C. Gen. Stat. § 75.1–1 requires a legal determination that the facts alleged and admitted by default constitute acts falling within the scope of the statute. See e.g., Blankenship v. Town and Country Ford, Inc., 622 S.E.2d 638, 641 (N.C. App.2005) (remanded for findings of fact regarding whether defendant's conduct violated § 75–1.1).

**A. Violation of N.C. Gen.Stat. § 75–1.1**

In order to allow Plaintiff's damages award to be trebled, the Court must find, as a matter of law, that the facts alleged and admitted as to Defendant constitute a violation of § 75–1.1. See Ryan, 233 F.3d at 780. In Atlantic Purchasers, Inc. v. Aircraft Sales, Inc., the Fourth Circuit explained the typical procedure for determining whether the proven facts establish an unfair or deceptive trade practice, and whether an award based upon a violation of § 75–1.1 should be

3

trebled under § 75–16:

> Ordinarily it would be for the jury to determine the facts, and based on the jury's finding, the court would then determine as a matter of law whether the defendant engaged in unfair or deceptive acts or practices in the conduct of trade or commerce. The elements of "unfairness" and "deceptiveness" are defined broadly: a practice is unfair when it offends established public policy as well as when the practice is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers ... A practice is deceptive if it has the capacity or tendency to deceive; proof of actual deception is not required. Moreover, proof of fraud would necessarily constitute a violation of the Act . On the other hand, a mere intentional breach of a valid contract is not, without more, a violation. Good faith is no defense to an alleged violation of the Act. The trade or commerce requirement of the Act in its 1976 form is met by demonstrating that the parties were engaged in an activity involving an exchange of some type ... in which a participant could be characterized as a seller.

Atlantic Purchasers, Inc. v. Aircraft Sales, Inc., 705 F.2d 712, 715 (4th Cir.1983) (citing Marshall v.. Miller, 302 N.C. 539 (1981)). Here, in light of Baseline's default, it is the Court's task rather than a jury's to determine what facts are supported by the record. Thus, the issue is whether the allegations in the Complaint, if taken as true, constitute an unfair or deceptive act as a matter of law in violation of the statute.

The Court finds that the allegations in Plaintiff's Complaint do sufficiently allege a violation of the North Carolina Unfair and Deceptive Trade Practices Act. A recent case from the North Carolina Court of Appeals provides this court with guidance. In MRD Motorsports, Inc. v. Trail Motorsports, LLC, 694 S.E.2d 517 (N.C. Ct. App. 2010), the North Carolina Court of Appeals reversed a trial court's decision not to award treble damages when the plaintiff elected such a remedy in its motion for default judgment. In MRD Motorsports, the parties entered into a contract whereby the plaintiff was to provide the defendant with services and equipment so that defendant could participate in a car race. Id. at 518. Before the race, the defendant made several

assurances that defendant would pay plaintiff within a week of the race. Id. Relying on the defendant's assurances, the plaintiff provided the defendant with the services as required under the contract. Id. Despite the plaintiff rendering the services, the defendant never paid plaintiff the $66,000 owed for the race. Id. Based on the allegations in Plaintiff's complaint, the Court of Appeals held that it was "evident that [the defendant's] . . . liability for unfair and deceptive trade practices was sufficiently alleged and deemed admitted." Id. at 520.

In the instant case, plaintiff alleged: (1) that Defendant breached its contract with Plaintiff by failing to pay the $365,539.55 owed to Plaintiff for the services and goods Plaintiff provided; (2) that Defendant made material misrepresentations of fact directing Plaintiff to "direct bill" Defendant's customers while Defendant continued to collect from such customers without intention to forward money owed to Plaintiff; (3) that these misrepresentations were made with the intent to induce, and in fact did induce Plaintiff to continue its contract with defendant; (4) that these actions were "in and affecting commerce"; and (5) that Defendant's actions directly and proximately caused injury to Plaintiff. Accordingly, the allegations in Plaintiff's Complaint make it "evident that [the defendant's] . . . liability for unfair and deceptive trade practices was sufficiently alleged and deemed admitted." MRD Motorsports, 694 S.E.2d at 520.

**B. Treble Award Pursuant to N.C. Gen.Stat. § 75–16**

Under Section 75–16 of the North Carolina General Statutes, a successful plaintiff is entitled to treble damages. See Atlantic Purchasers, Inc., 705 F.2d at 715–16 (The award of treble damages is "not subject to judicial discretion.") ( internal citations omitted ). However, Plaintiff must provide the Court with proof of actual damages. Shell Oil Co. v. Commercial Petroleum, Inc., 928 F.2d 104, 109 n. 7 (4th Cir.1991) ("Proof of actual damages is an essential

5

element for an award of treble damages.") (citing Ellis v. Smith–Broadhurst, Inc., 268 S.E.2d 271, 48 N.C. App. 180 (1980)). Here, Plaintiff presents proof of actual damages in the amount of $365,539.55. While the result could be taken as unjust in this particular case, the Court is without discretion to decline to treble Plaintiff's award.

**C. Pre-judgment interest**

The only damages that may be trebled are those which are proximately caused by a violation of N.C. Gen. Stat. § 75–1.1. Johnson v. Colonial Life & Accident Ins. Co., 618 S.E.2d 867, 871 (2005) (citing Gray v. N.C. Ins. Underwriting Ass'n, 529 S.E.2d 771 (2000)). Thus, a pre-judgment interest award should not attach to the trebled damages, but only to the actual damages awarded for the unfair and deceptive trade practice. Id. at 872.

## III. CONCLUSION

**THEREFORE, IT IS HEREBY ORDERED** that Judgment in Plaintiff's favor be entered in the following amounts:

(1) $365,539.55 for the principal amount owing regarding goods, materials, and dies. This amount represents Plaintiff's actual damages and is subject to treble damages amounting to a total damage of $1,096,618.65;

(2) $94,466.22 for the interest owing pursuant to the contract on the principal measured from the due date of each amount owing;

(3) $23,000 for the rental expense to store the furnished goods and materials which Marx Industries could not resell;

(3) $25,333.99 for the collection costs Marx Industries has incurred; and

(4) $24,333.99 for the attorney's fees Marx has incurred in efforts to collect.

Accordingly, Plaintiff is entitled to an award in a total amount of $1,263,752.85.

**SO ORDERED.**

Signed: August 30, 2011

Richard L. Voorhees
United States District Judge